UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),         CASE NO.: 2:05-CV-70153

vs.         HON. JOHN CORBETT O'MEARA
        MAG. JUDGE STEVEN D. PEPE

PAULINE WILLIAMS,

        Defendant(s).
_____/

**OPINION AND ORDER
VACATING DEFAULT JUDGMENT (Dkt. # 20)
&
<u>QUASHING GARNISHMENTS (Dkt. # 17)</u>**

**I. Background Facts:**

Plaintiff filed a Complaint January 14, 2005, seeking to recover on a defaulted federally guaranteed student loan that was disbursed to a Pauline Williams on September 12, 1984 (Dkt. # 1). The funds were provided for attendance, in 1984, of Delta School of Commerce in Louisiana. The Return of Service notes a woman, who refused to give her name, was served with the Summons and Complaint on February 18, 2005, at 300 Tami Circle in Westland, Michigan, the address shown on Defendant's Michigan Drivers License at the time. Evidence submitted to the Court on this matter indicates that Plaintiff moved to an apartment at the Ambassador Arms on February 1, 2005, 17 days before service at her former address. A default judgment was entered against Defendant on May 11, 2005. (Dkt. # 4). Evidence submitted to the Court on this matter indicates that Defendant received actual notice of the lawsuit, and was mailed at the Ambassador

1

Arms, her new address, a copy of the request for a default judgment, and later a copy of the Default Judgment and a Writ of Garnishment filed on October 20, 2005.  While Defendant was in contact with Plaintiff's counsel's office denying she was the person involved in the loan, she failed to provide them the specific evidence they sought to verify this assertion.  Defendant took no action in 2005 to set aside the default judgment.

In October 2005, Plaintiff sought a writ of garnishment from the Michigan Department of Treasurer (Dkt. # 9), which did not result in a disclosure of tax refund due Defendant until March 5 of this year (Dkt. # 11). In April of this year, Plaintiff garnished Defendant's bank account  (Dkt. # 12-14).  The bank indicated funds of $ 566.03 were available (Dkt. #. 18). On April 24, 2007, Defendant, acting *pro se*, filed a Request for Hearing About the Garnishment and Claim for Exemptions denying liability and stating she born on July 22, 1968, and was a 16 year old high school student at the time of the Delta College loan, and thus lacked legal capacity to sign a valid loan contract (Dkt. # 17).

On May 25, 2007, Defendant, now represented by counsel, filed a Motion for Relief From Judgment (Dkt. #. 20).  Attached were  a copy of her Michigan Driver's License showing July 22, 1968, as her date of birth and a copy of what was purported to be a birth certificate issued on May 7, 2007, which indicates Defendant was born in Rapides Parish, Louisiana, on July 22, 1968, not in the year 1966 as was the person who took out the loan.  Defendant's counsel also attached a certified transcript from Thomas M. Cooley High School in Detroit, Michigan, showing she was enrolled there in September 1984, the time frame of the loan, and not the Delta School of Commerce in Louisiana.

Thus, we have the following Timeline of events:

- September 1984: Loan disbursed. No payments were ever made.
- January 14, 2005: Plaintiff filed suit.
- February 18, 2005: Summons and complaint left with unidentified woman at Defendant's last known residence.
- March 23, 2005: Defendant submitted evidence to Plaintiff's counsel purporting to show that she was only 16 years old when the loan was taken out (high school transcript, and driver's license with a July 22, 1968, date of birth, with the "8" appearing different).
- May 11, 2005: Defendant had not yet filed an answer to the Complaint, a default judgment against Defendant entered.
- May 19, 2005: Copy of default judgment mailed to Defendant at her admitted new address.
- October 20, 2005: Defendant mailed a copy of a writ of garnishment.
- April 24, 2007: Defendant filed Request for Hearing About the Garnishment and Claim for Exemptions.
- May 11, 2007: Defendant's Motion for Relief From Judgment filed. Includes copy of birth certificate issued in Louisiana on May 7, 2007, showing July 22, 1968, birth date.

Hearings were held on this matter on July 5, 2007, and August 29, 2007, at which Plaintiff's counsel, with adequate, peculiar facts from Defendant and other sources to justify doubt, questioned the credibility of Defendant, whether the driver's license had been altered and whether the recently reissued Louisiana birth certificate was accurate.[1] To substantiate at least the authenticity of the Louisiana birth certificate, this Court on June 11, 2007, issued an order directing Defendant to arrange to have her birth certificate mailed directly from the Louisiana issuing authority to the Court no later than June 29, 2007 (Dkt. # 22). That document has been received and does show that Defendant was born July 22, 1968. The amount of the unpaid loan and interest is currently is approximately $7,000.

---

[1] Among the submissions, evidence shows that in November 2003, Defendant completed a Ford Motor Credit Application and listed her date of birth as July 22, 1966. Plaintiff also contends that Defendant's Equifax credit report shows her date of birth as 1966. An affidavit from Plaintiff's law firm indicates that in a telephone conversation, Plaintiff denied living in Louisiana even though her social security number indicates a Louisiana issuance location, and now her birth certificate does the same.

**II. Legal Standard**

Under Fed. R. Civ. P. 60(b) a Judgment may be set aside only upon the showing of one of the following: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released or discharged; (6) any other reason justifying relief from judgment. In reviewing a request to set aside a default judgment, the court should consider: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co. v. Seabord Coastline R.R.,* 705 F 2d 839 (6th Cir. 1983).

**III. Analysis:**

Based on the submissions, including the authenticated birth certificate, if Defendant's version of the facts are accepted at trial, she has a meritorious defense. In addition, Plaintiff has not submitted sufficient evidence to demonstrate that the summons and complaint were properly served under Fed. R. Civ. P 5(b)(2)(a)(iii) on a person of suitable age at Defendant's dwelling house or usual place of abode as of February 18, 2005, when it appears Plaintiff moved to another address on February 1, 2005. Thus, under Fed. R. Civ. P. 60(b) it appears that the judgement is void for lack of personal jurisdiction over Defendant and there are other reasons justifying relief from judgment including a viable defense on the merits. [2]

Yet, Rule 60(b) notes that relief from judgment may be entered "upon such terms as are

---

[2] At the August 29 hearing on this matter, Defendant's counsel indicated that if the default judgment is set aside, Defendant would submit to the jurisdiction of this Court for resolution of the matter on the merits without the need for further service.

just." Default Judgment was entered on May 11, 2005, and the evidence establishes that Defendant was aware of this fact soon thereafter. Yet, Defendant took no action to set aside the judgment until two years later, when she filed the present motions after garnishments were entered. Defendant has no significant justification for her failure to take appropriate action sooner. While Defendant's delay has caused some prejudice to Plaintiff on developing evidence on the case by the added two years delay, it is not sufficiently prejudicial to warrant a denial of the relief Defendant seeks. Proofs concerning a 1984 loan, which Plaintiff faced when filing this suit in 2005, would not be substantially more difficult in 2007 than in 2005.

Yet, had Defendant taken appropriate action in or soon after the May 2005 default judgment, or had she completed the forms and provided the documentation Plaintiff sought at that time, this judgment could have been vacated then by consent of Plaintiff. Instead, Defendant failed to take timely action, failed to provide reliable documentation, and this delay has cost Plaintiff and/or its counsel substantial time and expense in undertaking garnishments and then undergoing substantial briefing and multiple hearings on the current motions. All of this could have been avoided had Defendant acted with greater dispatch in 2005. Because of Defendant's lack of diligence, Plaintiff has been prejudiced in actual time and expense. While the actual value of the attorney time wasted because of Defendant's failure to act in a more timely fashion to challenge the default judgment is likely in the thousands of dollars, this order vacating the default judgment and quashing any and all outstanding garnishments is conditioned upon Defendant paying Plaintiff through its counsel five hundred dollars ($500.00) in expenses.

Upon Plaintiff's counsel verifying the payment of five hundred dollars ($500.00) in expenses, the default judgment in this case is set aside and all outstanding garnishments are

quashed and Plaintiff's counsel shall so notify the garnishees.  The parties can stipulate and this order authorizes any garnishee to pay over to Plaintiff's counsel the $500 in expenses and such garnishee shall comply, and be held harmless, upon being provided with the original of the stipulation between the parties and a copy of this Opinion and Order.

The parties to this action may object to and seek review of this Order but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(a) and E.D. Mich. LR 72.1(d)(2).

## **NOTICE TO CLERK'S OFFICE**

As noted above, the vacating of the default judgment and quashing of the garnishments is to be deferred until the Plaintiff's counsel verifying to the Clerk's Office the payment of five hundred dollars ($500.00) in expenses.

SO ORDERED

| | |
|---|---|
| Dated: August 30, 2007 | s/ Steven D. Pepe |
| Flint, MI | STEVEN D. PEPE |
| | UNITED STATES MAGISTRATE JUDGE |

CERTIFICATE OF SERVICE
I hereby certify that on August 30, 2007 , I electronically filed the foregoing paper with the Clerk
of the Court using the ECF system which will send notification of such filing to the following: Thomas E. Marshall, Pamela S. Ritter, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable

s/ James P. Peltier
Courtroom Deputy Clerk
United States District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete peltier@mied.uscourts.gov
